## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELLEN WILSON** | * | |
|     Plaintiff | * | CASE NO. |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE |
| | * | |
| **DOLGENCORP, LLC** | * | MAGISTRATE |
|     Defendant | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:    The Honorable Judges
        of the United States District Court
        for the Middle District of Louisiana

Defendant, **Dolgencorp, LLC** respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore show as follows.

1.

On the 26th day of September, 2022, the attached Petition was filed in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, entitled *Ellen Wilson versus Dolgencorp, LLC*, bearing case number "135,145", Division "B".[1]

2.

Plaintiff's Petition for Damages alleges personal injuries sustained as a result of a trip and fall incident on January 11, 2022 at a Dollar General store located in Gonzales, Louisiana.[2] Specifically, Plaintiff alleges that "while searching for an item on the shelves, Petitioner tripped/stumbled over what is believed to be a stocking box/crate which was blocking the shopping

---

[1] See Exhibit "A" (Plaintiff's original Petition for Damages).
[2] Exhibit A, Paragraph 3.

aisle" and "sustained immediate and severe personal injuries."[3] The Petition further alleges that Plaintiff "was taken to the emergency room where she ultimately underwent emergency surgery the following day in the form of a total hip replacement."[4]

3.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).[5] Since Louisiana law prohibits Plaintiff from setting forth a specific dollar amount of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.[6] Defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[7] Once the removing party makes this showing by a preponderance of the evidence, "**removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount**."[8]

4.

In accordance with Louisiana law, Plaintiff's Petition did not allege a specific amount of damages; however, the Petition does allege that she underwent a total hip replacement as a result

---

[3] Exhibit A, Paragraphs 4-5.
[4] Exhibit A, Paragraph 8.
[5] *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *2 (E.D. La. 2013), citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000);
[6] *Id.*, citing *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); See also, *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[7] *Id.*
[8] *Creppel*, 2013 WL 3490927 at *2, citing *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La. 1995) (emphasis supplied); See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).

of the subject incident.[9] As such, it is facially apparent that Plaintiff's alleged damages are likely in excess of $75,000.[10]

5.

Further, pre-suit communications with Plaintiff's counsel, including multiple settlement demands ranging from $170,000 - $180,000 settlement demand, reflect the amount in controversy exceeds $75,000.[11] Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[12] On multiple occasions, Courts have found settlement demand letters to be "valuable" or "competent" evidence supporting the "amount in controversy" requirement of 28 U.S.C. Section 1332(a).[13] Here, there is no evidence to suggest Plaintiff's settlement demand regarding the value of her damages was inflated or was not an honest assessment of damages.[14] Moreover, there is no evidence to suggest, let alone establish to a *legal certainty*, that the amount in controversy is really for less than the jurisdictional amount. Therefore, the plain language of Plaintiff's settlement demand clearly suggests that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

Defendant was served with Plaintiff's Petition for Damages on October 3, 2022. Thus, removal is timely pursuant to 28 U.S.C. §1446(b)(1).

---

[9] Exhibit A, at Paragraph 8.
[10] See, e.g., *Sistler v. Liberty Mutual Insurance Co.*, 558 So.2d 1106 (La. 1990)( Louisiana Supreme Court affirmed a $175,256.00 general damages award to a sicty-two year old woman who underwent a total hip replacement following a trip and fall); and *Layssard v. State Department of Public Safety*, 963 So.2d 1053 (La. App. 3 Cir. 2007)(affirming a $161,000 general damages award to plaintiff who underwent a total hip replacement following a motor vehicle accident).
[11] Exhibit B, pre-litigation settlement demands.
[12] *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[13] See, e.g., *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019); *Lowrie v. Wal-Mart Louisiana, LLC*, 2015 WL 9685508 (W.D. La. 12/1/2015); *Luna v. PNK (Lake Charles), LLC*, 2016 WL 6748029 (W.D. La. 9/27/2016); and *Moss v. Old American County Mutual Fire Insurance Co.*, 2021 WL 1743288 at *2 (W.D. La. 4/14/2021).
[14] *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (M.D. La. 5/13/2008).

7.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore fictitious Defendant, XYZ Insurance.[15]

8.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

A. The properly joined parties to this action are completely diverse:

1. Plaintiff, Ellen Wilson, is a person of full age of majority and a domiciliary of the Parish of Ascension, State of Louisiana;[16]

2. Dolgencorp, LLC, is a single member limited liability company whose sole member is Dollar General Corporation which is incorporated and has its principal place of business in Tennessee.

B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the petition does not specify an amount of damages sought. However, Plaintiff's allegation of a total hip replacement surgery and her pre-litigation settlement demands suggest that her damages exceed the sum of $75,000.00, exclusive of interest and costs.

9.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

---

[15] See Exhibit A, Paragraph 1.
[16] See Exhibit A.

10.

The 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

11.

Defendants pray for a jury trial on all issues.

**WHEREFORE**, removing Defendant, Dolgencorp, LLC, prays that the above action now pending in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, be removed therefrom to this Honorable Court. Defendant additionally prays for a jury trial on all issues.

Respectfully submitted,

  /s/ Michael L. Ballero
TREVOR C. DAVIES (32846)
SHANNON O. HARRISON (26163)
MICHAEL L. BALLERO (36793)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
tdavies@wkdlawfirm.com
mballero@wkdlawfirm.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on counsel of record via electronic mail and the Court's CM/ECF electronic filing system this 18th day of October 2022.

  /s/ Michael L. Ballero