## CITATION FOR PETITION

ELLEN WILSON                                    23RD JUDICIAL DISTRICT COURT

VERSUS                                          PARISH OF ASCENSION

DOLGENCORP LLC DBA et al                        STATE OF LOUISIANA


DOCKET NUMBER: 00135145B

**SERVE: DOLGENCORP LLC DBA DOLLAR GENERAL**
    THROUGH AGENT CORPORATION SERVICE COMPANY
    501 LOUISIANA AVENUE
    BATON ROUGE, LA.  70802

PARISH OF EAST BATON ROUGE

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

**CERTIFIED COPY OF ORIGINAL PETITION**

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23rd Judicial District Court located at 607 E. Worthey St., Gonzales within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of th amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE**

This service was ordered by Attorney TIERNEY, MATTHEW W and was issued by the Clerk of Court on the 29TH day of SEPTEMBER, 2022.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

---

**SHERIFF'S RETURN**




0020

**EXHIBIT A**

| | | | |
|---|---|---|---|
| **ELLEN WILSON** | RECEIVED AND FILED BRIDGET HANNA CLERK OF COURT | **DOCKET NO.:** | **DIVISION:** |
| **VERSUS** | 2022 SEP 26 A 10:57 | **23RD JUDICIAL DISTRICT COURT** | |
| 135,145 B | | **PARISH OF ASCENSION** | |
| **DOLGENCORP, LLC** | DY. CLERK & RECORDER ASCENSION PARISH, LA. | **STATE OF LOUISIANA** | **DIVISION B** |

### PETITION FOR DAMAGES

The Petition of Ellen Wilson, who is domiciled in the Parish of Ascension, State of Louisiana who respectfully represents and avers as follows:

1.

Made defendants herein are:

    a. DOLGENCORP, LLC d/b/a Dollar General, a foreign limited liability company authorized to do and doing business in the State of Louisiana;

    b. XYZ Insurance, an insurer unknown to the Petitioner at this time.

2.

The Petitioner is entitled to all damages which are reasonable in the premises against the named defendants *in solido*, together with legal interests and all costs of court, for this:

3.

On or about January 11, 2022, Petitioner was a patron and shopping at Dollar General located on Louisiana Highway 44 in Gonzales, Louisiana.

4.

While searching for an item on the shelves, Petitioner tripped/stumbled over what is believed to be a stocking box/crate which was blocking the shopping aisle.

5.

Petitioner fell to the ground and sustained immediate and severe personal injuries.

6.

The accident and incident was immediately reported to management and employees of Dollar General.

7.

Upon information and belief, employees had been instructed to remove the stocking box/crate from the aisle and had failed to do so thus directly causing the accident at issue herein.

8.

An ambulance was called and Petitioner was taken to the emergency room where she

Comm Inj - Given

**EXHIBIT A**

ultimately underwent emergency surgery the following day in the form of a total hip replacement.

9.

Following the surgery, Petitioner was treated with inpatient rehabilitation before being released home.

10.

Upon information and belief defendant, DOLGENCORP, LLC d/b/a Dollar General, (hereinafter "Dollar General") had obtained video surveillance of the accident/incident.

11.

Defendant, Dollar General, was timely put on notice of the claims herein and requested to preserve the video surveillance and a failure to do so operates to create various presumptions via claims for spoliation.

12.

The stocking box/crate created an unreasonably dangerous condition and was foreseeable as the defendant, Dollar General, had created the risk **or** actual or constructive knowledge of the risk and harm.

13.

Defendant, Dollar General, was the owner of the premises and had custody and control over the premises at the time of the accident herein.

14.

The Petitioner asserts any and all causes of actions and claims allowed by law, including, but not limited to, claims and causes of action pursuant to LSA-C.C. art. 2315 and LSA-R.S. 9:2800.6.

15.

As a direct result of the fault and negligence of Defendant, Dollar General, Petitioner suffered serious and severe personal injuries to her hip, as well as other personal injuries to be established at a trial on the merits.

16.

Petitioner has suffered damages as a direct result the accident herein and the personal injuries sustained in the accident as follows:

    a.    Physical pain and suffering (past, present, and future);

    b.    Inconvenience and loss of enjoyment of life (past, present and future);

**EXHIBIT A**

b. Physical and mental anguish (past present and future);

c. Embarrassment;

d. Permanent scarring and disfigurement;

e. Medical expenses (past, present, and future);

f. Other general and special damages to be proven and established at a trial on the merits.

17.

The accident, as well as the resulting damages and injuries to the Petitioner, Ellen Wilson, were the direct result of, and the sole fault and negligence of Defendant, Dollar General, as listed in the following non-exclusive particulars:

a. Failure to exercise reasonable care;

b. Failure to keep aisles, passageways and floors in reasonably safe condition and free from obstruction;

c. Failure to keep premises in reasonably safe condition;

d. Failure to keep premises, aisle, passageway and floor free from hazardous condition;

e. Creating or having actual/constructive knowledge of the unreasonably hazardous condition(s);

f. Failure to have adequate safety procedure or monitoring program in effect; and

g. Failure to remove and/or remedy hazardous condition;

h. Other acts of negligence to be proved at the trial of this matter.

18.

Upon information and belief, defendant, Dollar General, was self insured for the claims and causes of action asserted herein. However, out of an abundance of caution, it is asserted that defendant, XYZ Insurance, and unknown insurer, provided a policy of liability insurance covering the acts and omissions asserted herein.

WHEREFORE, Petitioner prays that there be judgment herein in her favor and against the named defendants, *in solido*, for all damages which are reasonable in the premises, together with all costs of these proceedings and maximum legal interest from date of judicial demand until paid.

**EXHIBIT A**

BY ATTORNEYS:
TIERNEY AND SMILEY, L.L.C.,
ATTORNEYS AT LAW

_____
MATTHEW W. TIERNEY, #25905
KRISTINE D. SMILEY, #29426
11736 Newcastle Avenue, Suite 1
Baton Rouge, Louisiana 70816
Telephone: (225) 298-0770
Facsimile: (225) 298-0780

Please serve:
DOLGENCORP, LLC d/b/a Dollar General
Through its agent for service of process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

A TRUE COPY
Deputy Clerk & Recorder
ASCENSION PARISH    9-29-22

**EXHIBIT A**